# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made this 4th day of October, 2011, by and among Storm Cat Energy (USA) Corporation, Storm Cat Energy (Alaska), LLC, Storm Cat Energy (Powder River), LLC, Storm Cat Energy (Fayetteville), LLC), Triple Crown Gathering Corporation, Storm Cat Energy (USA) Operating Corporation (together, the "Debtors") and Netherland Sewell & Associates, Inc. ("Netherland Sewell"). The Debtors and Netherland Sewell are referred to collectively herein as the "Parties," and each is a "Party" to this Agreement.

## RECITALS

A.   On November 10, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11, U.S.C. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Colorado (the "Bankruptcy Court"), commencing cases numbered 08-27887 ABC, 08-27901 ABC, 08-27808 ABC, 08-27905 ABC, 08-27909 ABC and 08-27894 ABC. The cases are jointly administered under case number 08-27887 ABC (together, the "Bankruptcy Cases").

B.   The Debtors believe that, prior to the Petition Date, Netherland Sewell received certain transfers totaling no less than $70,448.27 (the "Transfers"), from Storm Cat Energy (USA) Operating Corp. ("Operating"). The Debtors believe that the Transfers are avoidable under §§ 547 and 550 of the Bankruptcy Code.

C.   On or about November 5, 2010, the Debtors commenced adversary proceeding number 10-1850 ABC (the "Adversary Proceeding") against Netherland Sewell in the Bankruptcy Court seeking to avoid and recover the Transfers and objecting to allowance of any claims asserted by Netherland Sewell. Netherland Sewell generally denies the Debtors' allegations and asserts what it believes to be complete defenses to the Debtors' claims in the Adversary Proceeding.

D.   The Parties have agreed to settle fully and finally all of the matters related to the Adversary Proceeding and the Debtors' Bankruptcy Cases. The purpose of this Agreement is to settle any and all claims and disputes between the Parties with respect to the Transfers, the Adversary Proceeding and the Bankruptcy Cases, without any of the Parties admitting to any liability or any fact.

## AGREEMENT

NOW, THEREFORE, IN CONSIDERATION OF THE PRECEDING RECITALS AND THE MUTUAL COVENANTS HEREINAFTER CONTAINED, AND FOR OTHER GOOD AND VALUABLE CONSIDERATION, RECEIPT OF WHICH IS HEREBY ACKNOWLEDGED BY ALL PARTIES, THE PARTIES AGREE AS FOLLOWS:

1. <u>Effective Date</u>. The effective date of this Agreement shall be the first business day after which an order entered by the Bankruptcy Court approving this Agreement becomes final and non-appealable with no appeals having been made therefrom (the "Effective Date").

2. <u>Settlement Payment</u>. Netherland Sewell shall pay to Operating the sum of $30,000.00 (Thirty Thousand Dollars) (the "Settlement Payment"), no later than ten (10) days after the Effective Date. The Settlement Payment shall be made payable to "Storm Cat Energy (USA) Operating Corporation" and delivered to counsel for the Debtors.

3. <u>Mutual Release</u>. After the occurrence of the Effective Date and only after the Parties' performance of all the terms, conditions, duties, and payment obligations contained in this Agreement, the Parties hereby release and discharge, with prejudice, one another and one another's agents, employees, attorneys and professionals, predecessors, successors in interest, successors and assigns from any and all claims, causes of action, suits, debts, sums of money, controversies, claims to property, damages, judgments, demands whatsoever, in law or equity, known or unknown, asserted or unasserted, with respect to, related to, arising from, or in connection with the Adversary Proceeding and the Bankruptcy Cases, whether or not heretofore asserted, regardless of the legal or equitable theory upon which such claims may be based, *provided however*, that Netherland Sewell may file a proof of claim in the bankruptcy case of Storm Cat Energy (USA) Operating Corporation, Case No. 08-27894 ABC, for the amount of the Settlement Payment pursuant to § 502(h) of the Bankruptcy Code and Rule 3002(c)(3) of the Federal Rules of Bankruptcy Procedure, which claim shall be allowed as a Class 6B claim under the Debtors' (Storm Cat Energy (Powder River) LLC and Storm Cat Energy (USA) Operating Corporation) and Regiment Capital Special Situations Fund III, L.P.'s Amended Joint Plan of Reorganization Dated December 22, 2010. As soon as reasonably practicable after the Debtors' receipt of the Settlement Payment, the Debtors shall seek dismissal of the Adversary Proceeding in its entirety.

4. <u>Applicable Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado and, where applicable, the Bankruptcy Code.

5. <u>Jurisdiction</u>. The Bankruptcy Court shall have exclusive jurisdiction to resolve any dispute over the meaning, intent, or enforcement of this Agreement. In the event of any dispute over the meaning, intent, or enforcement of this Agreement, the prevailing Party shall recover attorneys' fees and costs from the other Party.

6. <u>Bankruptcy Court Approval</u>. This Agreement is expressly conditioned upon, and requires the approval of, the Bankruptcy Court. This Agreement shall be deemed null and void if the Bankruptcy Court does not approve this Agreement. The Debtors shall seek prompt approval of this Agreement by the Bankruptcy Court.

7. <u>Successors and Assigns</u>. This Agreement is binding not only on the Parties hereto but also upon any successors or assigns, including any successors in title to any of the Parties' property.

8.  Entire Agreement. This Agreement states the entire agreement between the Parties and may be supplemented, altered, amended, modified, or revoked by writing only, signed by all Parties or their successors in existence at the time of such action.

9.  Authorization. Each entity or individual executing this Agreement on behalf of a Party represents and warrants that he or she is duly authorized to execute and deliver this Agreement on behalf of such Party and that this Agreement is binding on such Party in accordance with its terms.

10. Captions. The captions or headings in this Agreement are for convenience only and in no way define, limit or describe the scope or intent of any provisions or sections of this Agreement.

11. Counterparts/Facsimile Execution. This Agreement may be executed in counterparts and each such counterpart shall be an original Agreement, but all of which together shall constitute one and the same Agreement. Facsimile or copies of signatures of the Parties or their designated representatives shall be deemed original signatures.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the date indicated herein.

STORM CAT ENERGY (USA) CORPORATION, STORM CAT ENERGY (ALASKA), LLC, STORM CAT ENERGY (POWDER RIVER), LLC, STORM CAT ENERGY (FAYETTEVILLE), LLC), TRIPLE CROWN GATHERING CORPORATION, STORM CAT ENERGY (USA) OPERATING CORPORATION:

By: _____
~~Chris Naro, CFO~~
Keith Knapstad, President & COO

NETHERLAND SEWELL & ASSOCIATES, INC:

By: _____
Name: Daniel Neighbors
Title: Accounting Specialist

3