# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 08-27887-ABC |
| STORM CAT ENERGY (USA) CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | Case No. 08-27894-ABC |
| STORM CAT ENERGY (USA) OPERATING CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | Case No. 08-27898-ABC |
| STORM CAT ENERGY (POWDER RIVER) LLC; | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | Case No. 08-27901-ABC |
| STORM CAT ENERGY (ALASKA) LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | Case No. 08-27905-ABC |
| STORM CAT ENERGY (FAYETTEVILLE) LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| In re: | ) | |
| | ) | Case No. 08-27909-ABC |
| TRIPLE CROWN GATHERING CORPORATION | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | *(Jointly Administered Under* |
| _____ | ) | *Case No. 08-27887 ABC)* |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASES <u>ONLY AS TO</u>: STORM CAT ENERGY (USA) CORPORATION [08-27887-ABC]; STORM CAT ENERGY (ALASKA) LLC [08-27901-ABC]; STORM CAT ENERGY (FAYETTEVILLE) LLC [08-27905-ABC]; TRIPLE CROWN GATHERING CORPORATION [08-27909-ABC] PURSUANT TO 11 U.S.C § 1112(B) *AND* MOTION TO VACATE ORDER JOINTLY ADMINISTERING THE ABOVE-CAPTIONED CASES**

The United States Trustee ("**UST**"), through counsel, moves this Court to Dismiss Chapter 11 Cases ***Only as to***: Storm Cat Energy (USA) Corporation [08-27887-ABC]; Storm Cat Energy (Alaska), LLC [08-27901-ABC]; Storm Cat Energy (Fayetteville), LLC [08-27905-ABC]; Triple Crown Gathering Corporation [08-27909-ABC] pursuant to 11 U.S.C. §1112(b) AND, to Vacate the Order Jointly Administering the Above-Captioned Cases (the "Motion to Dismiss"). In support thereof the UST states and alleges as follows:

1. The Bankruptcy Court has jurisdiction under 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1407 and 1408.

2. Pursuant to 28 U.S.C. § 586(a)(3), the UST is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

4. Under 11 U.S.C. § 307, the UST has standing to be heard on the issues raised by this Motion to Dismiss.

5. On November 10, 2008, Storm Cat Energy (USA) Corporation; Storm Cat Energy (USA) Operating Corporation; Storm Cat Energy (Powder River), LLC; Storm Cat Energy (Alaska); Storm Cat Energy (Fayetteville), LLC and Triple Crown Gathering Corporation, filed Voluntary Petitions for relief under Chapter 11, Title 11 of the United States Code.

6. On November 17, 2008, the Court entered an Order for Joint Administration of the above-captioned debtors [Pacer Docket #25].

7. On February 9, 2011, the Court Confirmed the Amended Joint Plan of Reorganization of Storm Cat Energy (USA) Operating Corporation [08-27894-ABC] and Storm Cat Energy (Powder River), LLC [08-27898-ABC] (the "Reorganized Debtors"). The UST does not wish to Dismiss the cases of the Reorganized Debtors.

8. No Plan of Reorganization has ever been confirmed for Storm Cat Energy (USA) Corporation [08-27887-ABC]; Storm Cat Energy (Alaska), LLC [08-27901-ABC]; Storm Cat Energy (Fayetteville), LLC [08-27905-ABC]; Triple Crown Gathering Corporation [08-27909-ABC] (the "Non-Reorganized Debtors").

9. Pursuant to Sections 1107 and 1108, the Non-Reorganized Debtors continue to operate their business and manage their affairs as "debtors-in-possession". No Committee of Unsecured Creditors was appointed in cases of the Non-Reorganized Debtors.

10. On November 14, 2012, the Reorganized Debtors and the Non-Reorganized Debtors filed

        a Joint Motion for Order Approving (I) Final Distribution and (II) Entry of Final Decree. (the "Motion for Final Decree").

11. In its review of Non-Reorganized Debtors' Chapter 11 cases, the UST finds that these cases have been pending more than four years without a confirmed plan of reorganization on file.  Also, as the Motion for Final Decree states: "the Remaining Debtors [the Non-Reorganized Debtors] either have no assets at all or no assets of material value." *See* Motion for Final Decree ¶ 7.  The UST believes the Non-Reorganized Debtors cases should be dismissed as they have no assets to reorganize and are ineligible for entry of a final decree.

## Cause Exists under 11 U.S.C. §1112

12. Cause exists to dismiss the cases of the Non-Reorganized Debtors pursuant to 11 U.S.C. §1112(b)(4) for the following reasons:

    (a) In the Motion for Final Decree, it is stated the Non-Reorganized Debtors either have no assets at all or no assets of material value.  *See* Motion for Final Decree ¶ 7.

    (b) The Motion for Final Decree states certain leases are currently expiring and there is no money available to renew those leases.  *See* Motion for Final Decree ¶ 9a. The Non-Reorganized Debtors' failure to operate and/or make payments on pending leases, or failure to have net operating income and assets, is a continuing loss and diminution of the estate and there appears to be no means for rehabilitation.

    (c) The Non-Reorganized Debtors are either not operating, have negative cash flow and/or are not generating sufficient revenue to provide any meaningful distribution to unsecured creditors.  There is a "continuing loss to or diminution of the estate" as required under 1112(b)(4)(A) and the absence of a reasonable likelihood of rehabilitation.

13. Cause also exists for dismissal of the Non-Reorganized Debtors under 11 U.S.C. § 1112(b) as the Non-Reorganized Debtors have caused an unreasonable delay by not proposing and/or confirming a chapter 11 Plan after four (4) years since the date of filing bankrutpcy, which is prejudicial to creditors and parties in interest.

14. "Cause" under §1112 is a flexible concept.  *In re Pacific Rim Investments, LLP*, 243 B.R. 768, 772 ( D. Colo. 2000) .  The changes to the list of examples that constitute cause under the Bankruptcy Abuse Prevention Act ("BAPCPA) did not change the fact the list is illustrative, not exhaustive. *In re TCR of Denver, LLC* 338 B.R. 494, 500 (Bankr. D.Colo.2006).

15. The UST reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Motion to Dismiss as may be deemed

necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery. Other grounds which may become apparent upon Non-Reorganized Debtors' cure of the above allegations would include whether Non-Reorganized Debtors have paid all UST Quarterly Fees due and owing; whether Non-Reorganized Debtors are current with filing their Quarterly Reports; whether there is gross mismanagement of the Non-Reorganized Debtors.

### Motion to Vacate the Order Jointly Administering the Above-Captioned Cases

16. Should the UST's Motion to Dismiss the Non-Reorganized Debtors be successful, the UST requests the Court's Order Jointly Administering the above-captioned cases dated November 17, 2008, be vacated as the captioning of the six above debtors cases together would be unnecessary.

WHEREFORE, the UST requests that the Court dismiss the above-captioned cases of Storm Cat Energy (USA) Corporation [08-27887-ABC]; Storm Cat Energy(Alaska), LLC [08-27901-ABC]; Storm Cat Energy (Fayetteville), LLC [08-27905-ABC]; Triple Crown Gathering Corporation [08-27909-ABC] for cause pursuant to 11 U.S.C. §1112(b) for cause; and vacate the Order Jointly Administering the above-captioned cases and for such other and further relief as the Court deems just and appropriate.

Dated: December 12, 2012.

Respectfully submitted,

RICHARD A. WIELAND
UNITED STATES TRUSTEE

/s/ Paul V. Moss
By: Paul V. Moss, #26903
Trial Attorney for the U.S. Trustee
999 18th Street, Suite 1551
Denver, Colorado 80202
(303) 312-7995 telephone
(303) 312-7259 facsimile
Paul.Moss@usdoj.gov

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASES *ONLY AS TO*: STORM CAT ENERGY (USA) CORPORATION [08-27887-ABC]; STORM CAT ENERGY (ALASKA) LLC [08-27901-ABC]; STORM CAT ENERGY (FAYETTEVILLE) LLC [08-27905-ABC]; TRIPLE CROWN GATHERING CORPORATION [08-27909-ABC] PURSUANT TO 11 U.S.C § 1112(B) AND MOTION TO VACATE ORDER JOINTLY ADMINISTERING THE ABOVE-CAPTIONED CASES, Proposed Order and Notice Pursuant to L.B.R. 9013 thereof were mailed, postage prepaid, at the date set forth below to the following:

Dated: December 12, 2012

Storm Cat Energy (USA) Corporation
1125 17th Street
Suite 2310
Denver, CO 80202

Storm Cat Energy (USA) Operating Corporation
1125 17th Street
Suite 2310
Denver, CO 80202

Storm Cat Energy (Powder River), LLC
1125 17th Street
Suite 2310
Denver, CO 80202

Storm Cat Energy (Alaska), LLC
1125 17th Street
Suite 2310
Denver, CO 80202

Storm Cat Energy (Fayetteville), LLC

1125 17th Street
Suite 2310
Denver, CO 80202

Triple Crown Gathering Corporation
1125 17th Street
Suite 2310
Denver, CO 80202

Craig A. Christensen
Harrie F. Lewis
Theodore J. Hartl
600 17th St.
Ste. 1800-S
Denver, CO 80202

John F. Young
1700 Lincoln St.
Ste. 4000
Denver, CO 80203

/s/ Janice Hensen
Office of the United States Trustee